IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Thogus Products Company,** | Case No. 1:20cv1887 |
| **Plaintiff,** | |
| -vs- | JUDGE PAMELA A. BARKER |
| **Bleep, LLC,** | MEMORANDUM OPINION AND ORDER |
| **Defendant** | |

Currently pending is Plaintiff Thogus Products Company's Motion for Expedited Discovery Responses. (Doc. No. 20.) Defendant Bleep, LLC filed a Brief in Opposition on January 21, 2021, to which Plaintiff replied. (Doc. Nos. 24, 25.) Defendant was thereafter granted leave to file a Sur-Reply Brief Instanter. (Doc. No. 26-1.) For the following reasons, Plaintiff's Motion is DENIED.

**I.     Background**

On July 20, 2020, Plaintiff Thogus Products Company ("Thogus") filed a Complaint against Defendant Bleep, LLC ("Bleep") in the Cuyahoga County Court of Common Pleas asserting claims for (1) breach of contract, and (2) enforcement of Molder's and Moldbuilder's Lien Rights pursuant to Ohio Rev. Code §§ 1333.29 through 1333.34. (Doc. No. 1-1.) Bleep removed the action to this Court on August 25, 2020 on the basis of diversity jurisdiction. (Doc. No. 1.) The parties subsequently filed a Motion for a stay pending non-binding mediation, which the Court granted on September 9, 2020. (Doc. No. 6.)

After mediation proceedings were unsuccessful, the stay was lifted and Thogus was granted leave to file its First Amended Complaint. (Doc. Nos. 8-2, 11.) On December 29, 2020, Bleep filed an Answer and Verified Counterclaims. (Doc. No. 12.) Among other things, Bleep asserts a

counterclaim for breach of contract based on Thogus's alleged failure to immediately release Bleep's bailed property. (*Id.* at ¶¶ 150-166.) On December 30, 2020, Bleep filed a Motion for Preliminary and Permanent Injunction, in which it seeks an order requiring Thogus to return Bleep's bailed property. (Doc. No. 15.) Thogus filed a Brief in Opposition on January 12, 2021, to which Bleep responded on January 19, 2021. (Doc. Nos. 18, 19.)

On January 19, 2021, Thogus filed a Motion for Expedited Discovery, in which it seeks an order requiring Bleep to respond to Thogus's First Set of Requests for Production of Documents and Things within seven (7) days after service. (Doc. No. 20.) Thogus asserts that it requires discovery on an expedited basis in order to "defend[] against Bleep's request for preliminary injunctive relief." (*Id.*) Thogus failed to attach its discovery request to the Motion and stated that it had already served the request on Bleep despite the fact that the Court had yet to conduct a CMC. (*Id.*)

Bleep opposes the Motion on numerous grounds, including that (1) Thogus has failed to demonstrate "good cause;" and (2) Thogus's discovery requests are overly broad and not narrowly tailored to the issues raised in Bleep's Motion for Preliminary Injunction. (Doc. No. 24.) Bleep attached Thogus's discovery requests to the Motion for the Court's review.

In response, Thogus argues that good cause for expedited discovery exists because it requires the requested information in order to defend against Bleep's request for injunctive relief. (Doc. No. 25.) Thogus further asserts that its discovery requests are appropriate because they are narrowly tailored to address Bleep's claim that Thogus is required to return Bleep's bailed property because Thogus "has been paid in full for all outstanding, undisputed in good faith payment obligations" under the parties Manufacturing Supply Agreement ("MSA"). (*Id.*) In addition, Thogus argues that its

discovery requests are properly and narrowly tailored to the issue of whether Bleep suffered irreparable harm. (*Id.*)

## II. Analysis

Thogus's Motion for Expedited Discovery is denied for the following reasons. The discovery requests at issue consist of nineteen (19) Requests for Production of Documents and Things. (Doc. No. 24-1.) These Requests are quite broad and are not narrowly tailored to either of the specific issues raised in Bleep's Motion for Preliminary Injunction; i.e., (1) Bleep's "good faith" basis for disputing Thogus's demand for payment; and/or (2) Bleep's alleged irreparable harm. Rather, Thogus's discovery requests broadly seek an array of documents relating to the parties' underlying breach of contract claims, including "all design specifications" for Bleep's DreamWay and DreamPort products; "all documents that refer and/or relate to" testing of those products; "all customer complaints" for those products from March 2018 to the present; "all Communications" relating to problems, concerns or complaints regarding the Smooth-Bor Hose; "all Documents" relating to inspections performed by Bleep with respect to "any goods manufactured by Thogus;" and "all Documents" relating to Bleep's temporary operating procedures, remediation procedures, and risk assessment as referred to in Paragraph 114 of Bleep's Counterclaim. (Doc. No. 24-1 at p. 4.) Thogus has not sufficiently demonstrated that any of these categories of documents are narrowly tailored to the issue of Thogus's "good faith" payment obligation under Paragraph 14.1(b) of the parties' MSA.

Nor has Thogus demonstrated that its discovery requests are narrowly tailored to the issue of Bleep's alleged irreparable harm. In addition to the above categories of documents, Thogus's discovery requests also seek "all Documents" that (1) identify Bleep's sales figures for the

3

DreamWay and DreamPort product from March 11, 2019 through the present and (2) identify the portion of sales of those products that involved goods manufactured by Thogus. (Doc. No. 24-1 at ¶¶ 11-14.) Thogus argues that "the ability to readily quantify monetary damages refutes and precludes an award of injunctive relief" and, therefore, Thogus should be permitted to obtain expedited discovery regarding "Bleep's sale of Thogus-manufactured goods, inclusive of purported steps taken by Bleep to sell Thogus-manufactured products in the stream of commerce." (Doc. No. 25 at p. 3.)

Thogus is correct that a plaintiff's harm is not irreparable if it is fully compensable by money damages. *See Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir.1992). However, the Sixth Circuit has held that "[i]t is appropriate to use a preliminary injunction to avoid harms to goodwill and competitive position" where there is a "realistic prospect of lost sales and market share." *Collins Inkjet Corp. v. Eastman Kodak Co.*, 781 F.3d 264, 279 (6th Cir. 2015). Here, Bleep argues that its irreparable harm takes the form, in part, of loss of customer goodwill and reputation and, therefore, Thogus's requests for Bleep's actual sales figures are irrelevant and unnecessary. The Court agrees with Bleep and finds that, under the circumstances presented, Thogus has not demonstrated that its requests for documents relating to Bleep's sales figures are necessary to resolution of the specific issues raised in Bleep's Motion for Preliminary Injunction.

Accordingly, and for all the reasons set forth above, Thogus's Motion for Expedited Discovery (Doc. No. 20) is DENIED. As discussed during the Case Management Conference conducted on January 27, 2021, the Court will conduct an evidentiary hearing regarding Bleep's Motion for Preliminary Injunction on March 12, 2021. At that time, Thogus will have the opportunity

to fully cross-examine Bleep's witness(es) regarding all issues relevant to Bleep's request for injunctive relief.[1]

**IT IS SO ORDERED.**

Date: January 28, 2021

*s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE

---

[1] The Court notes that, during the CMC, Thogus was provided the option of deposing Bleep's witness(es) prior to the hearing. Counsel for Thogus, however, declined.